ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTWON ROGERS, | ) | CASE NO. 1:10CV2791 |
| | ) | 1:93CR23 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter appears before the Court based upon a petition filed by Antwon Rogers under 28 U.S.C. § 2255. Upon review, the petition is DENIED.

## I. Facts

Following a jury trial, Rogers was found guilty of possession of cocaine base with an intent to distribute. The jury returned its guilty verdict on January 28, 1994, and Rogers was sentenced to life in prison. Rogers' conviction and sentence were then affirmed on December 18, 1996. *See United States v. Rogers*, 104 F.3d 361 (6th Cir. 1996) (table). Now, more than a decade later, Rogers seeks to vacate his sentence. In support, Rogers argues that the Fairness in Sentencing Act of 2010 compels this Court to vacate his sentence. The Court finds no merit in this argument.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *In re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can

collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. United States,* 417 U.S. 333 (1974); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979).

Under § 2255, there are four grounds upon which federal prisoners may challenge their conviction or sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426-27 (1962).

### III. Analysis

Ignoring the obvious timing problems with Rogers' petition having been filed more than a decade after his appeals concluded, his substantive argument lacks merit. Rogers' argument is dependent upon a conclusion that the Fairness in Sentencing Act of 2010 can be applied retroactively. The Sixth Circuit has rejected this argument.

> The "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660 (1974); *United States v. Avila-Anguiano*, 609 F.3d 1046, 1050 (9th Cir. 2010); *United States v. Smith*, 354 F.3d 171, 174 (2d Cir. 2003); *Korshin v. Comm'r*, 91 F.3d 670, 673-74 (4th Cir. 1996).
>
> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [the defendant] committed the crime in question.

*United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Accordingly, Rogers may not rely upon the Fairness in Sentencing Act of 2010 to support his petition.

3

Rogers' petition contains no arguments other than those related to the Fairness in Sentencing Act of 2010. Accordingly, his petition has no merit.

### IV. Conclusion

Based upon the above, the Court finds that Rogers has failed to demonstrate that he is entitled to relief. Accordingly, the petition is DENIED. This matter is DISMISSED. Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| December 17, 2010 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |